UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARCELLUS ANTONIO HARRIS, | ) |
| --- | --- |
| | ) |
| v. | ) No. 3:19-cv-01031 |
| | ) |
| UNITED STATES OF AMERICA. | ) |

## MEMORANUM OPINION AND ORDER

Before the Court is Marcellus Harris's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (the "Petition") (Doc. No. 1). Proceeding *pro se*, Harris argues that his convictions in case number 3:12-cr-00222-1 should be vacated for several reasons.[1] But Harris waived his right to bring all but a few, specified claims, and he filed his Petition years late. For the following reasons, the Petition (Doc. No. 1) will be denied.

I. DISCUSSION

   A. Harris Waived His Right to Bring a 28 U.S.C. § 2255 Petition Relating to Anything Other Than Involuntariness, Prosecutorial Misconduct, or Ineffective Assistance of Counsel.

The Court accepted Harris's guilty plea and approved the Agreement Related to Sentencing and Waiver or Rights (the "Agreement") on December 31, 2015. (See generally Case No. 3:12-cr-00222-1, Doc. No. 131). As part of the Agreement, the Government agreed to recommend a sentence that included "[a] term of incarceration of 107 months imprisonment . . . followed by a [six-year] period of supervised release." (Id. at 2). In exchange for that recommendation, Harris,

---

[1] In his reply brief, Harris raises an Eighth Amendment claim, arguing that his term of incarceration has ended because he is entitled to time served while in custody before his conviction. (Doc. No. 32 at 6). This is clearly false. The Agreement Related to Sentencing and Waiver or Rights between Harris and the Government clearly contemplates that time and discounts it to arrive at the agreed upon 107 months. (See Case No. 3:12-cr-00222-1, Doc. No. 131 at 2 n.1 ("Had Defendant pled to his original charges, his guideline range would have been 151–188 months incarceration. Because Defendant is presently serving a state sentence[,] he will not receive federal jail credit for the 44 months he has been incarcerated since his arrest. 151 – 44 = 107 months.")).

among other things, "waive[d] all rights to appeal, including all rights to appeal any issues bearing on the determination of whether [he] is guilty of the crime[s] for which [he] was convicted and any sentence . . . so long as the Court accepts the agreement and imposes the recommended sentence." (Id. at 5). In addition, Harris "waive[d] any right to appeal the District Court's Order denying his motion to suppress" and "the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." (Id. at 5–6). However, Harris retained the "right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (Id. at 6). The Court sentenced Harris in line with the Government's recommendation, (Case No. 3:12-cr-00222-1, Doc. No. 133), and both the Government and Harris remain bound by the Agreement. (Case No. 3:12-cr-00222-1, Doc. No. 131 at 4).

In light of this Agreement, Harris's claims—including his purported "actual innocence" claim—are waived, except for his involuntariness, prosecutorial misconduct, and ineffective assistance of counsel claims.[2] See United States v. Brice, 373 F. App'x 561, 562 (6th Cir. 2010) ("A valid waiver precludes a defendant from bringing any type of claim not excluded by the agreement."); see also Slusser v. United States, 895 F.3d 437, 440 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of collateral attack is enforceable.")

B. Harris's Involuntariness, Prosecutorial Misconduct, and Ineffective Assistance of Counsel Claims are Time-Barred.

Any claim under 28 U.S.C. § 2255 is subject to a one-year period of limitation that runs from the latest of four possible dates:

---

[2] Harris did not raise a claim related to involuntariness or prosecutorial misconduct until his reply brief. (Doc. No. 32 at 4–5). In light of Harris's *pro se* status, the Court will address these claims as if they were brought in the original Petition.

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Harris does not argue that § 2255(f)(2) or (3) apply, (see generally Doc. Nos. 1, 5, 8, 9, 17, 19, 20, 32), and the Court sees no independent reason why either provision would apply in this case. Thus, the Court is left with two possible dates to consider: the date the judgement of conviction became final, and the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f). For the sake of clarity, the Court will consider each in turn.

Using the date that the judgment of conviction became final, Harris's Petition is untimely. 28 U.S.C. § 2255(f)(1). The judgment for conviction became final on December 31, 2015. (Case No. 3:12-cr-00222-1, Doc. No. 132). Thus, Harris was required to file his Petition no later than December 31, 2016. But Harris filed his Petition on November 18, 2019—nearly three years after that deadline. (Doc. No. 1).

Harris is well-aware that his claims fail as untimely if the limitation period runs pursuant to 28 U.S.C. § 2255(f)(1), and for that reason argues that the limitation period should run pursuant to 28 U.S.C. § 2255(f)(4) because he has identified new evidence. (See Doc. No. 32 at 3 (referencing 28 U.S.C. § 2255(f)'s provision relating to new evidence supporting a petitioners' claims)). The new evidence Harris identifies are purportedly text messages sent via Facebook Messenger between his girlfriend and the confidential informant in his case that indicate that the confidential informant believes one of the officers lied during Harris's suppression hearing. (Doc.

No. 11 at 8). These messages are not dated, (id.), but the Court will assume that they were sent within a year of the filing of Petition.

The discovery of new evidence on its own does not save Harris's remaining three claims. For 28 U.S.C. § 2255(f)(4) to apply to a claim, the evidence must support that claim. Here, it supports none. All three potential claims concern tactics by an A.U.S.A. and Harris's attorney's withdrawal from the case, wholly unrelated to the "new evidence" Harris has identified. (Doc. No. 32 at 4–5). Harris does not attempt to explain how these claims relate to the "new evidence", (id.), and the Court, construing his filings as liberally as possible, fails to see a way to interpret the evidence to save his claims.

As a result, 28 U.S.C. § 2255(f)(1) sets the limitation period on his remaining claims, and, accordingly, they must be deemed untimely.

## II. CONCLUSION

In light of the breadth of his waiver and the nature of the evidence he identifies, Harris cannot bring a viable 28 U.S.C § 2255 claim. For the foregoing reasons, Harris's Petition (Doc. No. 1) is **DENIED**. Accordingly, his Motions to Respond to the Petition (Doc. Nos. 19, 33, 34) are **DENIED AS MOOT**.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE